UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBIN A. MOORE, JR.,

                                             Plaintiff,

                                                                   6:22-CV-1083
                             v.                                                (LEK/ATB)

ROBERT REITTINGER,
PETER RAYHILL.

                                             Defendants.

ROBIN A. MOORE, JR., Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent the court a civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 1, 1-1).[1] Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 4). For the following reasons, this court recommends dismissal of the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.    IFP Application/Initial Review**

A review of the plaintiff's IFP applications show that he declares he is unable to pay the filing fee. (Dkt. No. 4). After reviewing his applications, this court finds that plaintiff is financially eligible for IFP status.

---

[1] The complaint consists of two separate forms that allege the same claims. Docket number 1 sets out the purported legal basis for the claims, while Docket number 1-1 adds additional factual details.

In addition to determining whether the plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause

2

of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Facts

Plaintiff alleges that while he was at his final parole hearing, his public defender Robert Reittinger "intentionally" told him to "Shut Up", when plaintiff "tried to help him with [his] case." (Dkt. Nos. 1 at 1, 1-1 at 3). Plaintiff further alleges that Reittinger told him he sounded like "Johnny Cohern"[2] raised from the dead, a comment that plaintiff considers a "racial slur." (*Id.*). Plaintiff claims that Reittinger also told him he sounds like someone who takes medication for mental illness. (Dkt. Nos. 1 at 4, 1-1 at 2). Plaintiff alleges that all of this conduct occurred in the courtroom in front of Administrative Judge Regina A. Rinaldi, police staff, and correctional officers. (Dkt. No. 1 at 4). Plaintiff alleges that Reittinger's conduct caused him to suffer from mental anguish, including aggravating his pre-existing posttraumatic stress disorder. (Dkt. No. 1 at 4). Plaintiff claims that he has been seeing his doctor more often because of Reittinger's "unprofessional conduct." (Dkt. No. 1 at 4).

Plaintiff asserts three causes of action based on Reittinger's conduct, all framed as civil rights actions under 42 U.S.C. §1983. (Dkt. No. 1 at 5). First, the plaintiff's First Amendment rights were violated. (Dkt. No. 1 at 5). Second, the plaintiff was denied his right to "free exercise of legal argument." (Dkt. No. 1 at 5). Third,

---

[2] It is unclear who the plaintiff is referring to in the complaint. Given the context, the intended reference may be to noted criminal defense attorney Johnnie Cochran.

3

Reittinger's conduct was a violation of the ABA code of professional conduct. (Dkt. No. 1 at 5). Plaintiff requests that Reittinger be terminated and that the defendants pay $2.5 million for his mental anguish. (Dkt. No. 1 at 5).

## II. State Action

### A. Legal Standard

Section 1983 states:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" *Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F. 3d 51, 53 (2d Cir. 1999)). "Private parties are not proper defendants in a Section 1983 action unless the private parties were acting under color of state law." *Lee v. Law Office of Kim & Bae*, PC, 530 F. App'x 9, 9 (2d Cir. 2013) (summary order) (citations omitted).

### B. Analysis

Plaintiff's Section 1983 claims against his former defense attorney fail as a matter of law because he is not a state actor. It is well settled that defense attorneys, even if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel. *Polk Cnty. v. Dodson*, 454 U.S.

4

312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . at a parole revocation hearing"); *Delarosa v. Serita*, No. 14-CV-0737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014) ("It is well established that court-appointed attorneys, including attorneys associated with a legal aid organization, do not act under color of state law when performing traditional functions of counsel."); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."). During the parole hearing, defendant Reittinger was performing a traditional function of counsel by representing the plaintiff. (Dkt. No. 1 at 4). Thus, plaintiff's Section 1983 claims against his former attorney fail as a matter of law, and these claims are dismissed.

## II.     **Remaining Defendant**

Plaintiff has also named Oneida County Attorney Peter Rayhill as a defendant in this case. (Dkt. Nos. 1 at 2, 1-1 at 2). Rayhill is not mentioned anywhere in the body of plaintiff's complaint, and the pleading is entirely devoid of any factual allegations against him. (Dkt. Nos. 1, 1-1). He fails to even allege that Rayhill appeared at the parole hearing. (*Id.*). Thus, not only has the plaintiff failed to allege the defendant's

5

personal involvement for purposes of § 1983[3], but the complaint fails to meet even the minimal notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure with respect to him. Accordingly, dismissal of the complaint is appropriate as to defendant Rayhill.[4]

### IV.   Opportunity to Amend

Generally, when the court dismisses a pro se complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, there is no basis for federal court jurisdiction, and it appears that there is no amendment that plaintiff can make that would confer either federal question or diversity jurisdiction.[5] To the

---

[3] It has long been established that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

[4] Although the complaint does not make clear the role of Assistant County Attorney Rayhill in the parole proceeding, to the extent he was presenting the case of the county to the hearing officer or otherwise offering information to the hearing officer, he would be protected by absolute immunity. *See, e.g., Victory v. Pataki*, 814 F.3d 47, 66 (2d Cir. 2016), as amended (Feb. 24, 2016) (officials "receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature" (citing *Scotto v. Almenas*, 143 F.3d 105, 111-13 (2d Cir. 1998)); *Washington v. Fortune*, No. 19-CV-601, 2021 WL 1146278, at *1 (S.D.N.Y. Mar. 24, 2021). *See also Krowicki v. Sayemour*, No. 6:16-CV-1186, 2017 WL 4232549 (DNH/ATB), at *4 (N.D.N.Y. July 6, 2017), report and recommendation adopted, 2017 WL 4233056 (N.D.N.Y. Sept. 21, 2017) (county attorneys who initiate and prosecute matters in family court "are entitled to the same absolute immunity that is afforded to prosecutors who bring criminal actions"); *Reynolds by Reynolds v. Strunk*, 688 F. Supp. 950, 952-53 (S.D.N.Y. 1988).

[5] It appears, from the complaint and the information on the docket, that the plaintiff and both defendants are all residents of New York.

extent that plaintiff is suggesting that Reittinger's conduct rises to the level of ineffective counsel that would render the outcome of his "final parole hearing" invalid, such claims are not generally cognizable under 42 U.S.C. §1983. *See Evans v. Nassau Cnty.*, 184 F. Supp. 2d 238, 243 (E.D.N.Y. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Thus, this court will recommend dismissing the complaint with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 4) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 8, 2022

Andrew T. Baxter
U.S. Magistrate Judge