UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBIN A. MOORE, JR.,

                                      Plaintiff,                6:22-cv-01083
                                                                          (AMN/ATB)

v.

ROBERT REITTINGER, PETER RAYHILL,

                                      Defendants.
_____

**APPEARANCES:**

**ROBIN A. MOORE, JR.**
21-B-0514
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On October 20, 2022, Plaintiff *pro se* Robin A. Moore, Jr. commenced this action alleging improper conduct by his attorney, Defendant public defender Robert Reittinger, pursuant to Section 1983 of Title 42 of the United States Code. *See* Dkt. No. 1 at 4; Dkt. No. 1-1 at 2. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 4. This matter was referred to United States Magistrate Judge Andrew T. Baxter, who, on November 8, 2022, issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP for purposes of filing only, and recommending that the Complaint be dismissed with prejudice. *See* Dkt. No. 7 at 1, 6-7. On December 1, 2022, Plaintiff filed a response to the Report-Recommendation. Dkt. No. 8.

For the reasons set forth below, the Court adopts the Report-Recommendation with

modification, and orders that the Complaint is dismissed without prejudice and with leave to amend within 30 days.

## II.     STANDARD OF REVIEW

This court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be

specific and clearly aimed at particular findings in the magistrate's proposal . . ..." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1)(C).

### III.     DISCUSSION

Plaintiff has not identified any portion of the Report-Recommendation that Plaintiff asserts to be error.  In response to the Report-Recommendation, Plaintiff submitted a document docketed as an objection.  Dkt. No. 8.  Plaintiff's submission does not identify any objection to the analyses or recommendations in the Report-Recommendation.  *Id*.  Further, Plaintiff's response fails to provide any additional details of the relevant facts or legal theories underlying the Complaint.  *Id*.  Plaintiff has thus failed to preserve an objection, and the Court reviews the Report-Recommendation for clear error.  *See Caldwell*, 2022 WL 16918287, at *1; *O'Diah*, 2011 WL 933846, at *1.

The Report-Recommendation appropriately applied the legal standard for review of a *pro se* complaint under Section 1915(e)(2)(B) of Title 28 of the United States Code and Rule 12(h) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 7 at 2-3 (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (affirming district court's *sua sponte* dismissal of a *pro se* complaint and noting that "had [the plaintiff] sought to proceed *in forma pauperis,* dismissal would have been mandatory under 28 U.S.C. § 1915(e)(2)")).  Magistrate Judge Baxter determined that Plaintiff failed to establish a Section 1983 claim against Defendant Reittinger based on the alleged conduct described in the Complaint.  *See* Dkt. No. 7 at 4-5.  Furthermore,

Magistrate Judge Baxter determined that "Plaintiff failed to allege [Defendant Rayhill's] personal involvement" in any alleged conduct and thus failed to establish a Section 1983 claim against him or even meet the "notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." *Id*. at 5-6 (observing that Defendant "Rayhill is not mentioned anywhere in the body of" the Complaint and Plaintiff's pleadings are "entirely devoid of any factual allegations against" Defendant Rayhill). Accordingly, Magistrate Judge Baxter concluded that dismissal of the Complaint as to both Defendant Reittinger and Defendant Rayhill was appropriate. *See id*. Magistrate Judge Baxter ultimately recommended dismissal of the Complaint with prejudice, notwithstanding Plaintiff's *pro se* status. *See id*. at 6-7 & n.5 (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) and *Evans v. Nassau Cnty.*, 184 F. Supp. 2d 238, 243 (E.D.N.Y. 2002)).

The Court agrees with the recommendation that dismissal is warranted and has serious doubts that Plaintiff can amend his complaint in a way that would confer federal jurisdiction over the circumstances alleged in the Complaint. Nevertheless, in deference to Plaintiff's *pro se* status and in consideration of Plaintiff's response to the Report-Recommendation, the Court will afford Plaintiff an opportunity to file an amended complaint.[1] *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate . . . a valid claim.") (citation omitted); *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, No. 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) ("a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal

---

[1] The Court reminds Plaintiff that any amended complaint or submission to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, including by specifically identifying the facts and legal theory or theories that form the basis of any claim against any named defendant.

4

reading of the complaint gives any indication that a valid claim might be stated'") (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation with the modification described herein.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED except for the recommendation of dismissal with prejudice**; and the Court further

**ORDERS** that the Complaint, Dkt. Nos. 1, 1-1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2023
Albany, New York

Anne M. Nardacci
U.S. District Judge

5